UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARALINE, INT'L, LTD.,

         **Plaintiff,**

vs.                                   Case No. 8:03-CV-1477-T-27MAP

RICHARD T. AVIS,

         **Defendant.**
_____/

## ORDER ON DEFENDANT'S MOTION TO STRIKE COMPLAINT AND DISMISS WITH PREJUDICE

**BEFORE THE COURT** are Defendant's Motion to Strike Plaintiff's Complaint and Dismiss with Prejudice (Dkt. 31) and Plaintiff's response thereto (Dkt. 35). Defendant urges the Court to strike Plaintiff's complaint and dismiss this action as a sanction for Plaintiff's repeated disregard of court orders and failure to provide adequate, timely discovery responses.

Defendant propounded its first set of interrogatories to Plaintiff on June 4, 2004 (Dkt. 31, Ex. A). Plaintiff failed to respond to that discovery request or to Defendant's subsequent correspondence on July 19, 2004 (Dkt. 31, Ex. B). On August 26, 2004, Defendant filed a motion to compel discovery (Dkt. 29). An order compelling Plaintiff to respond to discovery was entered on September 29, 2004 (Dkt. 30). Plaintiff failed to comply with the Court's order and Defendant filed the Motion to Strike on November 29, 2004.

Plaintiff's opposition to the Motion to Strike was due on December 16, 2004. On December 15, Plaintiff requested an extension of this deadline. (Dkt. 32) The Court entered an order granting that request, setting a deadline for a response on December 23, 2004. (Dkt. 33) On December 21, Defendant filed a Motion to Deem All Matters Admitted for Failure of Plaintiff to Timely Respond to Request for Admissions. (Dkt. 34) In that motion, Defendant stated that he had still not received a response to the interrogatories served in June and had also received no response to his Requests for

Production and Admission served on October 11, 2004.

On January 10, eighteen days after the extended deadline imposed in the Court's order, Plaintiff finally responded to Defendant's Motion to Strike. (Dkt. 35) In its response, Plaintiff admitted receiving the Defendant's first set of interrogatories in July and stated that it had responded to all outstanding discovery "as of the time of this response." (Dkt. 35) In fact, its discovery responses were woefully inadequate. The responses were sent under cover letter rather than under certificate of service, and the interrogatories were not sworn or notarized. (Tr. of Hearing on Feb. 25, 2005 at 4, hereinafter "Hearing Tr.") Plaintiff's response to each request for production was that any responsive, non-privileged documents would be sent at a later date. (*Id.*) Plaintiff responded to Defendant's interrogatories by stating that "Defendant possesses the information requested by this Interrogatory." (Dkt. 56, Ex. B)

On January 24, 2005, the Court ordered the Plaintiff to show cause why the action should not be dismissed and scheduled a hearing on Defendant's Motion to Strike. (Dkt. 39) That order instructed all counsel of record to appear at the hearing. On February 1, 2005, Plaintiff requested a continuance of the hearing because of a schedule conflict. (Dkt. 43) The Court granted that request and issued an order resetting the hearing for February 25, 2005, again directing all counsel of record to appear. Plaintiff also filed its response to the show cause order, stating that the illness of attorney Justin Kam, a partner in the law firm representing Plaintiff in this action, had caused its failure to respond to discovery and comply with the Court's orders.[1]

On February 25, 2005, David J. Feingold, the only attorney that has ever entered an appearance on behalf of Plaintiff in this action, failed to appear at the scheduled hearing despite the notice in two orders requiring all counsel of record to attend. The Court entered an order scheduling a second hearing for March 16, 2005. (Dkt. 52) At the March 16 hearing, Defendant stated that he had still not received sworn, notarized discovery responses, nor had he received any document production.

---

[1] The Court notes that Mr. Kam has never entered an appearance in this action.

In addition to the above-described conduct, Plaintiff also failed to meet a Court-imposed deadline at the outset of the case. The parties' case management report was due to be filed no later than September 24, 2003. On February 24, 2004, the Court entered a show cause order requiring the parties to show why the case should not be dismissed for lack of prosecution for non-filing of the case management report. (Dkt. 23) The Plaintiff's unsworn response blamed "confusion regarding the calendaring program in counsel's office and the transferring of the case" for the five-month delay. (Dkt. 24)

When a party refuses to comply with discovery orders, Fed. R. Civ. P. 37 gives the Court broad discretion to impose sanctions, including dismissal of the action. That discretion is not unbridled, however. *Wouters v. Martin County*, 9 f.3d 924, 933 (11th Cir. 1993). Dismissal with prejudice "is not favored" but "may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." *Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir. 1993). Further, the Court must consider whether less drastic but equally effective sanctions are available. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). "A court should be reluctant to impose the harsh sanction of dismissal with prejudice where the plaintiff is not actually culpable" unless no other sanction is available that would "cure the harm the attorney's misconduct would cause to the defendant." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th. Cir. 1985).

Plaintiff's counsel's utter disregard for the orders of this Court has prejudiced Defendant and has wasted the Court's time and resources. Plaintiff's counsel has failed to offer a sufficient explanation for the repeated failure to comply with court orders and continuing failure to provide adequate discovery. However, while the conduct of Plaintiff's counsel in this action has been egregious, the Court is mindful of the Eleventh Circuit's directive to avoid punishing Plaintiff for its attorney's actions. Because lesser sanctions can cure the prejudice suffered by Defendant, the harsh sanction of dismissal will not be imposed.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1) Defendant's Motion to Strike Plaintiff's Complaint and Dismiss with Prejudice (Dkt. 31) is

**DENIED.**

2) Plaintiff is ordered to provide all outstanding discovery within five days of the date of this order. This response shall include a full production of requested documents and an amended response to Defendant's First Set of Interrogatories setting forth the requested details regarding the stock that is the subject of this lawsuit. Discovery responses are to be sent under certificate of service, sworn and notarized and otherwise in strict compliance with the rules.

3) Defendant shall have thirty days after receipt of Plaintiff's discovery responses to propound additional discovery. Defendant may file a dispositive motion on or before June 30, 2005.

4) Plaintiff's counsel shall pay to Defendant attorney's fees and costs incurred as a result of the repeated failure to provide adequate, timely discovery responses. Defendant shall file a motion with supporting affidavit of time and expenses.

**ANY FAILURE BY PLAINTIFF TO COMPLY WITH THIS ORDER OR WITH THE RULES GOVERNING DISCOVERY SHALL RESULT IN IMMEDIATE DISMISSAL WITH PREJUDICE WITHOUT FURTHER NOTICE.**

**DONE AND ORDERED** in chambers this 19th day of April, 2005.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record