UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARALINE INT'L, LTD.,

        Plaintiff,

v.                                      CASE NO. 8:03-CV-1477-T-27MAP

RICHARD T. AVIS,

        Defendant.

_____

## ORDER

**BEFORE THE COURT** is Defendant's Affidavit of costs and fees relating to sanctions imposed on Plaintiff's counsel (Dkt. 70). The court entered an order requiring Plaintiff's counsel to pay to Defendant "attorney's fees and costs incurred as a result of the repeated failure to provide adequate, timely discovery responses" and directing Defendant to file an affidavit of time and expenses. (Dkt. 63) Defendant subsequently filed an affidavit with a summary statement that he had incurred $3193.75, 18.25 hours multiplied by his standard billing rate of $175. (Dkt. 70) While the hourly rate sought is reasonable, Defendant must detail the time spent with "'sufficient particularity so that the district court can assess the time claimed for each activity.'" *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1196 (11th Cir. 2002)(*quoting Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "Activity" refers "to a particular task, such as drafting a motion to dismiss." *Id.*

Accordingly, Defendant is **ORDERED** to submit a supplemental affidavit containing time entries that detail the work performed with sufficient detail to allow the court to determine that the time spent on each activity was reasonable and that the activity was related to the Plaintiff's failure to respond to discovery.

**DONE AND ORDERED** at Tampa, Florida this 16th day of May, 2005.

> JAMES D. WHITTEMORE
> United States District Judge

Copies to:
Counsel of Record